# United States Court of Appeals
### For the Eighth Circuit

_____

No. 21-2764
_____

United States of America

*Plaintiff - Appellee*

v.

Bradley E. Turner

*Defendant - Appellant*

_____

No. 21-2773
_____

United States of America

*Plaintiff - Appellee*

v.

Bradley E. Turner

*Defendant - Appellant*

_____

Appeals from United States District Court
for the Southern District of Iowa - Eastern

_____

Submitted: April 11, 2022
Filed: June 13, 2022
[Unpublished]

_____

Before COLLOTON, MELLOY, and GRUENDER, Circuit Judges.
_____

PER CURIAM.

While on supervised release following a 168-month term of imprisonment and two prior revocations, Bradley E. Turner possessed methamphetamine with intent to distribute. He was convicted for violating 21 U.S.C. §§ 841(a)(1), 841(b)(1)(C), & 851. The district court[1] imposed a sentence of 63 months on the methamphetamine conviction and a revocation sentence of 33 months to run consecutively. Mr. Turner does not challenge his revocation sentence.

As to the 63-month sentence, Mr. Turner argues the district court committed procedural error when it departed upwardly from criminal history Category III to IV based on a substantially understated criminal history. See U.S. Sentencing Guideline § 4A1.3(a). Mr. Turner concedes the district court was permitted to consider criminal activity too old to have received criminal history points. See United States v. Sullivan, 853 F.3d 475, 479 (8th Cir. 2017). He argues specifically that the district court: (1) inadequately explained the basis for the departure, and (2) failed to take into account the fact that some of his old and presently unscored criminal history had been scored and considered for his earlier sentence and revocations.

We reject these arguments. Mr. Turner had dozens of convictions that were old and not scored for present purposes. Many of these convictions were for assaults, including domestic abuse assaults and assault against an officer, as specifically identified by the district court. Combined with the fact that Mr. Turner had spent more than an intervening decade incarcerated, the district court reasonably viewed Mr. Turner's history, in total, as reflecting a level of violence and incorrigibility in

_____

[1]The Honorable Stephanie M. Rose, Chief Judge, United States District Court for the Southern District of Iowa.

excess of that typically associated with a criminal history Category III. The district court departed upwardly by only one criminal history category, resulting in a Guidelines range increase from 51–63 months to 63–78 months. And, the court then imposed a sentence at the 63-month overlap. The fact that some of Mr. Turner's older criminal history had been considered at earlier sentencings or revocations does little to suggest the district court misapprehended his dangerousness.[2]

To the extent that Mr. Turner relies on cases indicating a district court must consider potential intermediate criminal history categories when deciding the extent of a section 4A1.3 departure, we reject his argument as applied to the present one-category departure. See Sullivan, 853 F.3d at 479; United States v. Azure, 536 F.3d 922, 931 (8th Cir. 2008); United States v. Hacker, 450 F.3d 808, 812 (8th Cir. 2006).

We affirm the well-reasoned judgment of the district court.

_____

[2]The government argues our review is only for plain error. Finding no error, plain or otherwise, we need not apply the more stringent analysis.